# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| YUE WANG, | Case No. 2:22-cv-03372-FLA (DFM) |
|---|---|
| Plaintiff, | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| MONTEREY PARK POLICE DEPARTMENT, et al., | |
| Defendants. | |

   Pursuant to 28 U.S.C. § 636, the court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge (the "Report"). Further, the court has engaged in a de novo review of those portions of the Report to which objections have been made.

   The Report recommends dismissal of this action after finding that Plaintiff has failed to state a claim for which relief may be granted in the First Amended Complaint. ECF No. 44. Plaintiff has elected to stand on her allegations in the First Amended Complaint without further amendment. ECF No. 41. For the following reasons, Plaintiff's Objections to the Report (ECF No. 45) do not warrant a change to the Report's findings or recommendation.

Plaintiff objects that she did not engage in "malicious delay" in litigating this suit, and points out she is a layperson at law with limited English proficiency. ECF No. 45 at 1-3, 5-7. This objection is moot because the Magistrate Judge vacated his initial Report and Recommendation in which he recommended dismissal for Plaintiff's failure to prosecute. ECF No. 44 at 3 n.2.

Plaintiff objects that Defendants have ignored her request for production of documents. ECF No. 45 at 3-4, 9. But Plaintiff is not entitled to discovery before she has stated a plausible claim for relief. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n. 7 (9th Cir. 2014).

Plaintiff objects that Defendants unlawfully arrested and detained her in January 2022. ECF No. 45 at 7-8. As the Report found, however, Plaintiff's First Amended Complaint failed to allege that Defendants lacked probable cause. ECF No. 44 at 12. Moreover, Plaintiff has elected to stand on her First Amended Complaint without further amendment. ECF No. 41.

Plaintiff objects that Defendants "only had reasonable suspicion," rather than probable cause, to take her into custody and detain her, as a danger to herself or others, under California Welfare & Institutions Code § 5150. ECF No. 45 at 8-9. As the Report found, however, Plaintiff did not clearly raise these allegations as the basis for a Fourth Amendment claim in the First Amended Complaint. ECF No. 44 at 12 n. 5. It is improper to raise the claim for the first time in Objections to the Report. *See Brook as Trustee of David North II Trust v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020).

Additionally, Plaintiff's objection fails to state a Fourth Amendment claim based on her detention under Section 5150. By Plaintiff's own account, Defendants took her into custody after seeing video and photographic evidence of Plaintiff inflicting wounds to her neck and "acting hysterical," and after seeing scratches on Plaintiff's boyfriend. ECF No. 44 at 8. Although Plaintiff suggests the videos and photographs might have been "edited and modified" (*id*. at 9), she does not dispute

the scratches on her boyfriend. The scratches by themselves would have established probable cause to take Plaintiff into custody. *See Alexander v. City of Brisbane Inc.*, 2021 WL 3621829, at *3 (N.D. Cal. Aug. 2021) (dismissing plaintiff's Fourth Amendment false arrest claim where it was undisputed the police saw scratches on plaintiff's husband from a domestic altercation); *see also Worthy v. City of Berkeley*, 573 F. Supp. 3d 1398, 1414 (N.D. Cal. 2021) ("[T]he probable cause test for taking a person into protective custody under § 5150 of the California Welfare & Institutions Code is the same as that for warrantless arrest.") (citing *People v. Triplett*, 144 Cal. App. 3d 283, 287-88 (1983)). Thus, Plaintiff's allegations would have warranted dismissal for failure to state a claim for wrongful arrest under the Fourth Amendment.

Plaintiff objects that the court should not dismiss her First Amended Complaint. ECF No. 45 at 10. But as the Report found, Plaintiff has not stated a claim on which relief may be granted, and in light of her election not to file an amended complaint, dismissal without leave to amend is warranted. ECF No. 44 at 24.

The court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

IT IS ORDERED that Judgment be entered granting Defendants' Motion to Dismiss (Dkt. No. 30) and dismissing this action with prejudice.

Dated: September 27, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge